UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JIMMIE HENNIGAN, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 3:16-CV-499 JD |
| OFFICER GOODEN, | ) |
| Defendant. | ) |

OPINION AND ORDER

Jimmie Hennigan, a *pro se* prisoner, filed a "Complaint for Property Loss and Demand for Jury Trial," alleging that Officer Gooden is responsible for replacing his stolen property. (DE 1.) Hennigan is an inmate at the Westville Correctional Facility ("Westville"). He claims that on March 15, 2016, someone at Westville stole a variety of his personal effects, including gym shoes, a photo album, Ramen noodles, coffee beans, deodorant, baby powder, notebook paper, lotion, soup bowls, sweat pants, sweaters, gym shirts, t-shirts, and boxer briefs. Hennigan reported the theft and Officer Gooden was assigned to investigate. According to the complaint, Officer Gooden's investigation failed to comply with Prison Policy 00-01-104,[1] which resulted in Hennigan not having his property found or replaced. Hennigan seeks compensation from Officer Gooden for the loss of his property.

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL

---

[1] Hennigan claims that this policy concerns "misplacing property which relates to for replace of property of Hennigan." (DE 1 at 1.) However, the policy itself was not provided.

RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

As a threshold matter, the mere fact that Officer Gooden may not have followed a prison policy does not demonstrate a constitutional violation. *See Estate of Davis v. Johnson*, 745 F.2d 1066, 1071 (7th Cir. 1994) (violation of jail regulation could support a negligence claim, but not a claim of indifference under section 1983 where defendant had no knowledge that violation of policy would result in strong likelihood of violence to inmate); *See also State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1146 (7th Cir. 1983) ("Even if defendants disregarded one or more of their established procedures . . . [their actions] do not constitute deliberate disregard for the possibility that [an inmate] would take his own life" where defendants lacked actual knowledge). Thus, without more, Officer Gooden's alleged violation of prison policy does not give rise to a constitutional claim. This remains true even if Officer Gooden's conduct can be linked to Hennigan's property loss.

To the extent Hennigan believes Officer Gooden's actions resulted in his property not being replaced, such an issue is more appropriately addressed through a state tort claims action. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." However, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Because the State of Indiana provides a means to obtain redress for Hennigan's loss, he has not been denied due process and does not state a claim for a violation of the Fourteenth Amendment. This case presents no federal claim, and so Hennigan's claim will be dismissed without prejudice so that he may pursue it in State court.

For these reasons, the court **DISMISSES** this case **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: August 30, 2016

                                                       /s/ JON E. DEGUILIO  
                                                       Judge  
                                                       United States District Court